UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| J.C. WILSON & COMPANY, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FOREST LAWN MEMORIAL CHAPEL, INC.,)<br>)<br>Defendant. ) | CAUSE NO. 1:05-CV-00649- DFH-TAB |

**ENTRY ON MOTIONS TO INTERVENE**

**I. Introduction.**

This matter is before the Court on two motions to intervene. On July 19, 2006, Grange Mutual Casualty Company ("Grange") moved to intervene as a Plaintiff pursuant to Fed. R. Civ. P. 24(b) to assert its claim for declaratory judgment. [Docket No. 58.] On August 11, 2006, Meyer Associates ("Meyer"), a partnership and Defendant's former controlling shareholder, moved to intervene as Defendant pursuant to Fed. R. Civ. P. 24(a)(2) and 24(b). [Docket No. 70.] Plaintiff opposes both Grange's and Meyer's motion to intervene and asserts that intervention will cause undue delay and potential prejudice to the original parties. [Docket Nos. 62, 73.] For the reasons stated below, the Court grants both motions.

**II. Background.**

Plaintiff alleges that in February 2005 Defendant breached a management contract for the management and operation of a funeral home. [Docket No. 58, p. 2.] Defendant counters that Plaintiff unilaterally -- or the parties mutually -- rescinded the contract. [Docket No. 58, p. 3.] Grange insured Plaintiff, Defendant, and Meyer from April 1, 2000 through the alleged February 2005 breach of contract. [*Id.*] Defendant demanded that Grange defend it in connection with

Plaintiff's complaint. [*Id.*] Grange denies that its policy covers Plaintiff's allegations, but has provided a defense under a reservation of rights. [*Id.* at pp. 3-4.] Similarly, Plaintiff demanded Grange defend and indemnify it with respect to allegations in Defendant's counterclaim, and Grange has also provided Plaintiff with a defense under a reservation of rights. [*Id.* at 4.] Meyer demands that Grange defend it with respect to any indemnification claim against Meyer by Ansure Mortuaries, LLC ("Ansure")[1], and Grange has provided Meyer with an attorney to defend against Plaintiff's allegations under a reservation of rights. [*Id.*] Finally, Defendant demands that Meyer defend and indemnify it against certain claims made by Plaintiff. [Docket No. 70, p. 1.]

**III. Discussion.**

There are two ways an interested non-party may intervene in litigation: (1) by right in order to protect its interests pursuant to Fed. R. Civ. P. 24(a); or (2) permissively pursuant to Fed. R. Civ. P. 24(b)(2). The Court deems that Grange and Meyer are entitled to permissive intervention and, therefore, does not address whether Meyer satisfied the elements of Rule 24(a).

Federal Rule of Civil Procedure 24(b) provides in pertinent part:

> Upon timely application anyone may be permitted to intervene in an action: (2) [w]hen an applicant's claim or defense and the main action have a question of law or fact in common . . . . In exercising its discretion the court shall consider whether the intervention will unduly prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b)(2). The distinction between intervention of right and permissive

---

[1] Grange asserts that Ansure purchased stock in Defendant's funeral home from Meyer in November 2004. [Docket No. 58, p. 3.] Ansure allegedly demanded that Meyer indemnify it in the event any of Plaintiff's allegations against Defendant concerning matters prior to the execution of the stock purchase agreement result in damages against Ansure. [Docket No. 58, p. 4.]

intervention is that "permissive intervention under Rule 24(b) is wholly discretionary and will be reversed only for abuse of discretion." *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000). It is within the Court's discretion to allow intervention, and given the relationship of Meyer to Plaintiff, Defendant, and Grange, intervention is judicially efficient. *See Beyer v. Heritage Realty, Inc.* 251 F.3d 1155 (7th Cir. 2001) (allowing party to intervene to seek a declaration of its rights before they were indemnified).

### 1. Timeliness and prejudice.

Plaintiff contends that Grange's July 19 motion is untimely and thus, must be denied because it would further cause delay. [Docket No. 62, p. 2.] "Timeliness is to be determined from all of the circumstances." *Schultz v. Connery*, 863 F.2d 551, 553 (7th Cir. 1998). "[A]s soon as a prospective intervenor knows or has reason to know that his interests might be adversely affected by the outcome of the litigation he must move promptly to intervene." *Lefkowitz v. Wagner*, 395 F.3d 773, 778 (7th Cir. 2005). The reason for requiring promptness is "to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." [*Id.*]

Grange acknowledges that its motion was not filed until more than one year after Plaintiff filed the original complaint. [Docket No. 72, p. 2.] Grange claims that it was not sure whether the amount in controversy would be in excess of $75,000. [*Id.*] While the Court finds that Grange had reason to know that its interests might be adversely affected by this litigation, it appears that Grange delayed moving for intervention until it had notice of Plaintiff's claimed damages. [Docket No. 72, p. 2.] Grange allegedly learned on May 23, 2006 -- the deadline the Court set for Plaintiff to provide Defendant with a detailed damage calculation [Docket No. 52] -- that Plaintiff's claimed damages amounted to $3,000,000. [Docket No. 72, p. 2.] Grange then

moved to intervene on July 19, 2006.  [*Id.*]  Given these circumstances, Grange's motion is sufficiently timely.

With respect to the timeliness of Meyer's motion, Meyer moved to intervene three days after the Court's August 8, 2006 deadline for Defendant to seek leave to amend its complaint.  [Docket No. 53.]  To date, Defendant has failed to amend its pleadings and bring a third party complaint against Meyer.  Meyer was present by counsel for a telephonic conference on August 10, 2006.  [Docket No. 71.]  After learning that allegations in this matter could adversely affect it, Meyer moved to intervene on August 11, 2006.  [Docket No. 70.]  The Court deems Meyer's motion sufficiently timely.

The most significant factor in weighing whether a party should be permitted to intervene is whether the original parties would suffer any prejudice.  The proceedings are still relatively early in the litigation process, and allowing intervention will not derail a proceeding with an end in sight.  Particularly, there have been no depositions taken, and the trial date was rescheduled for July 6, 2007.  [Docket No. 57.]  Plaintiff has not shown any specific prejudice it will suffer if Grange and Meyer intervene, and in the absence of any indication of prejudice their motions cannot be judged untimely as a matter of law.  *Aurora Loan Services, Inc. v. Craddieth*, 442 F.3d 1018, 1027 (7th Cir. 2006).  Therefore, given the totality of the circumstances and the lack of a clear showing of prejudice suffered by an original party, this Court deems both Grange's and Meyer's motions to intervene to be timely.

**2. Common issues of law or fact.**

Plaintiff contends that both Grange and Meyer do not have sufficient commonality to justify intervention. Plaintiff specifically contends that in Grange's case they are seeking to interject insurance coverage issues into a breach of contract and trademark infringement case. [Docket No. 62, p. 3.] In Meyer's case, Plaintiff contends that the only connection with this case is Meyer's potential liability for indemnification under the stock purchase agreement. [Docket No. 73, p. 12.]

Plaintiff argues that the interpretation of insurance policies is a question of law for the Court, *Bedwell v. Sagamore, Ins. Co.*, 753 N.E.2d 775, 779 (Ind. Ct. App. 2001), and coverage issues involve legal questions for the Court based on distinct facts. [Docket No. 62, p. 3.] However, Grange's "[d]uty to defend is determined from the allegations of the complaint and from the facts known or ascertainable by the insurer after an investigation has been made." *Indiana Farmers Mut. Ins. Co., v. Ellison,* 679 N.E.2d 1378, 1382 (Ind. Ct. App. 1997).

Plaintiff similarly argues that Meyer's sole connection is based solely on a potential for liability for indemnification. [Docket No. 73, p. 12.] Meyer is not asserting new claims but defending claims that involve it prior to the stock sale. [Docket No. 73, p. 2.] Meyer was a party to the management contract from 1996 until November 2004. [Docket Nos. 58, 70.] With regard to Meyer's operational practices, Plaintiff alleges Meyer's involvement in matters that are potentially fraudulent and deceptive during periods Meyer was the controlling shareholder. [Docket No. 70, p. 2.] Thus, Grange and Meyer have both demonstrated a question of law or fact in common with the original suit.

**III. Conclusion**.

Meyer and Grange have demonstrated a common question of law and fact, and Plaintiff has failed to show how it will be prejudiced if the Court grants the motions to intervene. Accordingly, Grange's and Meyer's motions to intervene [Docket Nos. 58, 70] are granted. Grange's proposed complaint and Meyer's proposed answer are deemed filed as of the date of this order.

Dated:  10/23/2006

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Richard A. Bierly
WYATT TARRANT & COMBS
rbierly@wyattfirm.com

Jan M. Carroll
BARNES & THORNBURG LLP
jan.carroll@btlaw.com

Donald Logan Centers
HANNON HUTTON & ASSOCIATES, P.C.
dcenters@hannonhutton.com

Joshua B. Fleming
BARNES & THORNBURG LLP
jfleming@btlaw.com

Jeffrey R. Gaither
BOSE MCKINNEY & EVANS, LLP
jgaither@boselaw.com

Thomas R. Haley III
JENNINGS TAYLOR WHEELER & HALEY
thaley@jtwhlaw.com

Edward R. Hannon
HANNON HUTTON & ASSOCIATES, P.C.
ehannon@hannonhutton.com

Dwight D. Lueck
BARNES & THORNBURG
dwight.lueck@btlaw.com

Janet Halline Nelson
BOSE MCKINNEY & EVANS, LLP
jnelson@boselaw.com

Julianna Marie Plawecki
MCTURNAN & TURNER
jplawecki@mtlitigation.com

Kenneth P Reese
LEWIS & WAGNER
kreese@lewiswagner.com

Carrie Joanne Soder
JENNINGS TAYLOR WHEELER & HALEY
csoder@jtwhlaw.com

John Carl Trimble
LEWIS & WAGNER
jtrimble@lewiswagner.com

Wayne C Turner
MCTURNAN & TURNER
wturner@mtlitigation.com

Alan D. Wilson
lawkokomo@sbcglobal.net